NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOURISON INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>VIRTUAL STUDIOS, INC.,<br><br>Defendant. | Civil Action No.: 09-5746 (PGS)<br><br>OPINION |

**SHERIDAN, U.S.D.J.**

This is a copyright infringement and breach of contract case. Nourison Industries, Inc. ("Nourison") has filed suit against Virtual Studios, Inc. ("Virtual") seeking a declaratory judgment that it is not liable for its use of certain computer generated images owned by Virtual. Currently before the Court is Nourison's motion to dismiss counts one and three of Virtual's counterclaim, and Virtual's motion for leave to amend count one of its counterclaim. For the following reasons, Vitual's motion is granted, and Nourison's motion is granted in part and denied in part.

I.  BACKGROUND

Virtual markets itself as one of the largest digital output providers "to the graphic arts industry" in the southeastern United States. (Counterclaim ¶ 2.) Among other things, Virtual provides its customers with "digital photography scanning, design and illustration, digital offset printing, presentation graphics, image setting, digital color printers proofs, mounting and

1

laminating." (*Id.* ¶ 2.) In conjunction with these services, "[a]pproximately, 13 years ago, Virtual developed a unique software program enabling it to offer carpet and rug manufacturers digital room scenes on which to display their products in sales, advertising and marketing materials." (*Id.* ¶ 3.)

"Nourison is a leading designer, producer and importer of high quality floor coverings in the United States." (Compl. ¶ 6.) In or around 1998, Virtual began providing Nourison with digital room scenes intended to display its floor coverings. (Counterclaim ¶ 5.) Under the terms of the parties' arrangement, once the images were prepared, Virtual sent Nourison invoices "in a regular course of business." (*Id.* ¶ 7.) The back of these invoices contained the following "terms and conditions" governing the usage of Virtual's images:

> [Virtual] will provide its Client with the unlimited use of all photographs for a period of 1 year from the day of completion and payment of services as stated below

> \* \* \*

> Client may not assign or transfer this agreement or any rights granted here under . . . . No amendment or waiver of any terms is binding unless set forth in writing and signed by the parties. This agreement incorporates by reference Article 2 of the [UCC].

> \* \* \*

> [Virtual] reserves the right to pursue unauthorized users of any [Virtual] room scene image. If you violate our intellectual property you may be liable for actual damages, loss of income, and profits you derived from the use of this image or clip, and, where appropriate, the cost of collection and/or statutory damages up to $150,000 (U.S.D.) per image.

(*Id.* ¶ 8.) In addition to these terms and conditions, Nourison also allegedly agreed that Virtual had "sole and exclusive right to manipulate the room scene images by imposing thereon various images of rugs and carpeting products manufactured by Nourison." (*Id.* ¶ 10.)

In or around early 2007, Nourison "discontinued" its relationship with Virtual. (*Id.* ¶ 11.) Shortly thereafter, Virtual "discovered that Nourison had continued to use [its] images" beyond the one year licensing period set forth in Virtual's terms and conditions. (*Id.* ¶ 12.) Virtual also realized that Nourison had superimposed its own images on Virtual's room scenes. (*Id.* ¶ 14.) Consequently, in January 2007, Thomas Sucher, President of Virtual advised Dave Forman, an Atlanta-based employee of Nourison, that Nourison's conduct was "improper, unlawful and infringing" upon Virtual's copyrights. (*Id.* ¶ 15.) According to Virtual, "Forman admitted infringement," but told Sucher that any lawsuit brought by Virtual would merely result in "a slap on the wrist." (*Id.*)

In July 2009, Sucher met with Andrew Peykar and Gerard O'Keefe, Vice Presidents at Nourison, to discuss for a second time Nourison's usage of Virtual's images beyond the one year licensing period. (*Id.* ¶ 16.) At this meeting, Peykar allegedly "acknowledged that Nourison had improperly infringed on Virtual's copyrights and breach its agreement." (*Id.* ¶ 17.) Nonetheless, the parties were unable to resolve their dispute. As a result, by e-mail dated November 5, 2009, Virtual's counsel informed Nourison that litigation would be forthcoming. (Compl. ¶ 25.) However, prior to Virtual filing suit, on November 12, 2009, Nourison preemptively commenced a two count declaratory judgment action seeking a declaration that it did not breach "any contract" with Virtual or infringe on Virtual's copyrights. On January 12, 2009, Virtual filed an answer and counterclaim alleging three counts: (1) copyright infringement; (2) breach of contract; and (3) unjust enrichment. Nourison now moves to dismiss counts one and three of Virtual's counterclaim, and Virtual cross-moves for leave to amend count one of its counterclaim.[1]

---

[1] Virtual could have amended its counterclaim as a right within 21 days after service of Nourison's motion to dismiss pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. Instead, Virtual filed a cross-motion for leave to amend 27 days after service of

## II. STANDARD

The Court will first address Virtual's motion for leave to amend count one of its counterclaim, as it may moot in part Nourison's motion to dismiss. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when, in a court's discretion, "justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, a court may deny a motion for leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* "Futility means that the [counterclaim], as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (internal quotations omitted).

Determining whether a counterclaim fails to state a claim upon which relief can be granted requires a court to accept as true all allegations in the counterclaim and to view the facts in a light most favorable to the non-moving party. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (addressing allegations in complaint); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[2] A counterclaim should be dismissed only if the alleged facts, taken as true, fail to state a claim. *Iqbal*, 129 S. Ct. at 1950. A court will not, however, accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*,

---

Nourison's motion. Virtual has not sought to amend counts two or three of its counterclaim. Those allegations remain the same.

[2] The standard governing the futility of a counterclaim is the same as the standard for futility of a complaint. *See Johnson v. Resources for Human Dev., Inc.*, 860 F. Supp. 218, 220 (E.D. Pa. 1994).

129 S. Ct. at 1949. "While a [counterclaim] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

### III. DISCUSSION

In order to state a claim for copyright infringement, a party must satisfy the following elements: (1) the specific original works are the subject of the copyright claim; (2) ownership over the copyrighted works; (3) registration of the copyright in accordance with 17 U.S.C. § 411(a); and (4) the infringing acts. *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd* 23 F.3d 398 (2d Cir. 1994); *accord Gateway 2000, Inc. v. Cyrix Corp.*, 942 F. Supp. 985, 994 (D.N.J. 1996) (copyright claim requires "ownership of a valid copyright and copying by the defendant of component elements of the work that are original").

Virtual's proposed copyright infringement claim is not futile. Virtual did fail to allege copyright registration, the third element of its claim, in its original complaint.[3] However, that pleading deficiency was corrected in its proposed amended complaint. (Proposed Amend. Compl. ¶ 19.) Moreover, Virtual's omission was apparently through no fault of its own. Virtual applied for

---

[3] The Third Circuit has not addressed the issue, but every court of appeals (except the Fifth Circuit) has held that "actual registration, not mere application," is required to satisfy the registration requirements of the Copyright Act. 5 Patry on Copyright § 17:78 (March 2010). There is an apparent split amongst district courts in this Circuit between courts following the prevailing view and those following Fifth Circuit law. *Compare Riordan v. H.J. Heinz Co.*, Civil Action No. 08-1122, 2009 WL 4782155, at *9 (W.D. Pa. Dec. 8, 2009) (relying on prevailing case law) *with Wilson v. Mr. Tee's*, 855 F. Supp. 679, 682-83 (D.N.J. 1994) (relying on Fifth Circuit case law).

registration in advance of filing its counterclaim, but did not receive the registration certificates by the time the counterclaim was filed. Its applications were "misplaced" by the Copyright Office. (Sucher Cert. ¶ 8.) Only after Sucher subsequently contacted the Copyright Office, and the applications were retrieved, did the Copyright Office issue the necessary certificates of registration. (*Id.* Ex. A.) Accordingly, in the interest of justice, the Court will grant Virtual leave to file its proposed amended copyright infringement claim, and deny Nourison's motion to dismiss on this count as moot.[4]

In addition to count one, Nourison also seeks dismissal of count three of Virtual's counterclaim for unjust enrichment, which Virtual has not sought leave to amend. The doctrine of unjust enrichment rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another. *Assocs. Comm. Corp. v. Wallia*, 211 N.J. Super. 231, 244 (App. Div. 1986). A plaintiff can ordinarily recover under this doctrine where "the defendant 'received a benefit, and that retention of the benefit without payment therefore would be unjust.'" *Id.* (quoting *Callano v. Oakwood Park Homes Corp.*, 91 N.J. Super. 105, 109 (App. Div.1966)). However, unjust enrichment is unavailable in copyright infringement claims where (1) the particular work "falls within the type of works protected by the Copyright Act," and (2) the equitable rights asserted that are "equivalent to" one of the bundle of exclusive rights already protected by copyright law. *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 210 F. Supp. 2d 552, 564 (D.N.J. 2002)

---

[4] Nourison suggests that the certificates of registration attached to the Sucher Certification are incomplete and possibly defective. (Reply Br. at 6-7.) However, to the extent any of Virtual's copyrights are invalid, those issues can be addressed through discovery and summary judgment.

(citing *Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 848 (2d Cir.1997)).[5]

Virtual's unjust enrichment claim must be dismissed because it is preempted by copyright law. The allegations that form the basis for Virtual's unjust enrichment claim -- the copying and distribution of Virtual's digital room scenes -- also underlie its copyright claim. Moreover, Virtual has not opposed dismissal of its unjust enrichment claim or sought to amend its unjust enrichment allegations. Accordingly, count three of Virtual's counterclaim is dismissed.

## IV.  CONCLUSION

For the foregoing reasons, Virtual's cross-motion for leave to amend count one of its counterclaim is granted, and Nourison's motion to dismiss counts one and three of the counterclaim is granted in part and denied in part. Within 30 days, Virtual may file a first amended counterclaim setting forth its proposed amended copyright infringement claim (count one) and its breach of contract claim (count two). Virtual's unjust enrichment claim (count three) is dismissed.

_____
HON. PETER G. SHERIDAN, U.S.D.J.

Dated: June 3, 2010

---

[5] Unjust enrichment is also generally unavailable where an express contract governs the parties relationship. *See Moser v. Milner Hotels, Inc.*, 6 N.J. 278, 280 (1951). Although there is an express contract in this case -- the terms and conditions set forth on the back of Virtual's invoices -- Nourison has not argued that this agreement precludes Virtual's unjust enrichment claim.